UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAFIULLAH NASIRY,

Plaintiff,

v.

KRISTI NOEM et al.,

Defendants.

CASE NO. 2:25-cv-02365-LK

ORDER GRANTING MOTION TO STAY

This matter comes before the Court on Defendants' motion to stay proceedings for 60 days. Dkt. No. 13. For the reasons stated below, the Court grants the motion.

## I. BACKGROUND

On November 24, 2025, Plaintiff Wafiullah Nasiry brought this litigation under the Administrative Procedure Act and Mandamus Act seeking to compel Defendants to adjudicate his asylum application. Dkt. No. 1 at 1, 5–7. The parties twice notified the Court (in March and May 2026) that they stipulated to extend Defendants' deadline to respond to Nasiry's complaint. Dkt. Nos. 7–10; *see also* Dkt. No. 4-1 at 3 (Court's Standing Order allowing parties to stipulate to extend deadline to answer pleadings).

On July 10, 2026, Defendants filed a motion to stay the case "for 60 days, until September 10, 2026," to allow United States Citizenship and Immigration Service's ("USCIS") "adjudicative process to run its course before further litigation proceeds." Dkt. No. 13 at 2. Nasiry opposes the motion. Dkt. No. 15.

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal.*, Ltd., 593 F.2d 857, 864 (9th Cir. 1979). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In support of their motion to stay, Defendants aver that USCIS is "actively endeavoring to adjudicate [Nasiry's] application and the additional request of time could potentially resolve this matter and preserve judicial resources." Dkt. No. 16 at 1. They argue that good cause exists for an extension of time due to USCIS's "ongoing efforts" to review and update its "screening and vetting practices[.]" *Id.* at 1–2. Defendants do not directly address the *CMAX* factors. *See generally* Dkt. Nos. 13, 16.

In opposition, Nasiry contends that Defendants have not carried their burden to justify a stay because none of the *CMAX* factors weigh in their favor. Dkt. No. 15 at 5–9. He argues that he has "waited approximately four years for a decision on an application Congress said should be

resolved in 180 days"[1] and that every "additional day of delay" causes him serious and ongoing harm because he continues to be kept separate from his family "who remain in danger in Afghanistan" and because the delay has caused "the lapse of his employment authorization, jeopardizing his ability to work and support himself[.]" *Id.* at 6–7. He contends that the requested stay is effectively indefinite, and that granting any further delay would reward Defendants' noncompliance and penalize his own good faith. *Id.* at 7–8. Lastly, he argues that requiring "Defendants to answer would move the case toward resolution and, if anything, provide the very impetus that has been missing," and that therefore judicial economy is "served by adjudicating the delay claim, not by indefinitely postponing it." *Id.* at 9.

Pursuant to its discretionary power to control its docket, *Landis*, 299 U.S. at 254, the Court concludes that the requested stay is justified. Although Nasiry may face hardship due to the delay, that concern is outweighed by the concern for the orderly course of justice and the potential for the preservation of the parties' and the Court's resources. Defendants aver that the "asylum hold" that previously "prevented USCIS from issuing all asylum decisions" but has since been "invalidated by *Dorcas Int'l Inst. of Rhode Island v. USCIS*, 26-cv-132, 2026 WL 1622708 (D.R.I. June 5, 2026)" no longer prevents the adjudication of Nasiry's application. Dkt. No. 16 at 1–2. Instead, "USCIS is actively working to complete adjudication of [Nasiry's] asylum application, and is requesting solely the amount of time needed to do so"; USCIS "needs additional time to complete background checks and vetting." *Id.* at 2. Should USCIS adjudicate Nasiry's application, this case will likely become moot. The Court therefore finds good cause to stay the case for the requested 60 days, or until September 10, 2026. However, the Court warns that it will not grant any further motion to stay from Defendants absent extraordinary circumstances.

[1] Nasiry completed his asylum interview—the final step in the adjudicative process—on December 12, 2023. Dkt. No. 15 at 1–3.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Stay. Dkt. No. 13. The case is stayed until September 10, 2026. The parties shall file a joint status report on or before that date.[2]

Dated this 26th day of August, 2026.

Lauren King
United States District Judge

[2] Should the stay be lifted on that date, Defendants' answer to the complaint will be due September 13, 2026. Defendants are cautioned that the Court may impose sanctions for violations of Local Civil Rule 7(j).